## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

**TONY GENE PRIVETT, SR.,**     )
     )
     **Plaintiff,**     )
     )
**v.**     )     **Case No. CIV-20-15-STE**
     )
**ANDREW M. SAUL,**     )
**Commissioner of the Social Security**     )
**Administration,**     )
     )
     **Defendant.**     )

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.      PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 10-25). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the disability period of August 15, 2016 (the alleged disability onset date) through June 30, 2018 (date last insured). (TR. 13). At step two, the ALJ determined that Mr. Privett had the following severe impairments through the date last insured: degenerative disc disease; posttraumatic stress disorder; bipolar disorder; depression; anxiety; and substance abuse. (TR. 13). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 13).

At step four, the ALJ concluded that Mr. Privett retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except: The claimant can stand and/or walk with normal breaks for total of four hours in an eight hour workday; a medically required handheld assistive devices [sic] necessary for ambulation; the claimant can occasionally reach overhead bilaterally; all other reaching (except overhead reaching) is unlimited bilaterally; occasionally stoop and climb ramps stairs and ladders ropes and scaffolds; the claimant can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds in the hand not using the cane; the claimant can perform a simple and some complex tasks; simple task means unskilled entry-level work with a SVP of one or two; some complex task mean semiskilled work with a SVP of three or four, plus skilled with an SVP of five, but excludes higher skilled work with an SVP of 6, 7, 8, or 9; the claimant can relate to others, including supervisors, coworkers, and the general public, on a superficial work basis; superficial means brief, succinct,

cursory, concise communication relevant to the task being performed; and
the claimant can adapt to a work situation.

(TR. 16-17).  Also at step four, the ALJ found that Plaintiff was unable to perform any

past relevant work. (TR. 23).

At the administrative hearing, the ALJ presented these limitations to a vocational

expert (VE) to determine whether there were other jobs in the national economy that

Plaintiff could perform. (TR. 88-91). Given the limitations, the VE identified seven jobs

from the Dictionary of Occupational Titles. (TR. 91-95). The ALJ adopted the VE's

testimony and concluded that during the relevant period, Mr. Privett was not disabled at

step five based on his ability to perform the identified jobs. (TR. 24-25).

## III.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the

Commissioner applied the correct legal standards and whether the agency's factual

findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d.

1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard,

a court looks to an existing administrative record and asks whether it contains "sufficien[t]

evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct.

1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means

only—such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation

marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in

weighing particular types of evidence in disability cases, the court will "neither reweigh

3

the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV.   ISSUE PRESENTED

On appeal, Plaintiff alleges the ALJ erred in his consideration of an opinion from a consultative examining physician.

## V.   ERROR IN THE ALJ'S CONSIDERATION OF THE CONSULTATIVE PSYCHOLOGIST'S OPINION

Mr. Privett alleges that the ALJ erred in his consideration of the opinion from consultative examining psychologist, Dr. Stephanie Crall. (ECF No. 14:4-6). Dr. Crall examined Mr. Privett and opined that his "depression, mood instability, posttraumatic stress, and physical difficulties likely impaired his ability to adapt to a competitive work environment." (TR. 659). The ALJ rejected Dr. Crall's opinion, concluding that Plaintiff "c[ould] adapt to a work situation." (TR. 17).[1] In doing so, the ALJ provided a sole rationale: that Mr. Privett lived with his disabled mother. *See* TR. 21. According to Plaintiff, the ALJ failed to: (1) properly analyze Dr. Crall's opinion and (2) provide a legitimate rationale to discount the opinion. (ECF No. 14: 4-6). The Court agrees with respect to Plaintiff's second allegation of error.

As an examining consultant, Dr. Crall's opinion was generally entitled to less weight than a treating physician's opinion. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). Nevertheless, the ALJ was required to properly consider Dr. Crall's opinion utilizing certain regulatory factors. *See* 20 C.F.R. § 404.1527(c). The factors include:

---

[1]  The ALJ accorded Dr. Crall's opinion "very little weight," which amounted to effectively rejecting the opinion. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012).

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

See 20 C.F.R. § 404.1527(c). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the … medical opinion and the reason for that weight." Id. And while the ALJ may dismiss or discount medical opinions, he "must provide specific, legitimate reasons" for doing so. See Chapo v. Astrue, 682 F.3d 1285, 1291 (10th Cir. 2012).

As stated, the ALJ summarized Dr. Crall's opinion, and then stated:

> [Dr. Crall] states "likely impaired his ability to adapt to a competitive work environment." I find that statement is entitled to very little weight. The claimant lives with his disabled mother.

(TR. 21). As is plain from the limited narrative, the ALJ failed to analyze Dr. Crall's opinion under any of the factors outlined by Mr. Privett. The Commissioner defends the ALJ's position by pointing out that he had stated that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. [§] 404.1527." (ECF No. 17: 13) (citing TR. 17). It is true that "where … the ALJ indicates he has considered all the evidence our practice is to take the ALJ 'at [his] word.'" Wall v. Astrue, 561 F.3d 1048, 1070 (10th Cir. 2009). Thus, the Court is obliged to overlook what appears to be the Commissioner's reliance on a boilerplate statement—provided at the beginning of the ALJ's narrative regarding opinion evidence, four pages removed from the ALJ's actual rejection of Dr. Crall's opinion.

5

Notwithstanding the fact that no legal error exists regarding the ALJ's consideration of Dr. Crall's opinion under 20 C.F.R. § 404.1527(c), the Court does find error in the ALJ's failure to provide a specific, legitimate rationale for rejecting Dr. Crall's opinion. In rejecting the opinion, the ALJ cited only the fact that Plaintiff lived with his disabled mother. *See* TR. 21. But the ALJ failed to explain how Plaintiff's living with his mother related to his depression, mood instability, posttraumatic stress, and physical difficulties—the conditions that Dr. Crall specifically cited as the basis for concluding that Plaintiff's ability to adapt to a work environment would be "likely impaired." *Compare* TR. 21 *with* TR. 659.

In two attempts to defend the ALJ, the Commissioner argues: (1) Dr. Crall's statement is "akin" to a statement that Plaintiff cannot work, which is an issue reserved to the Commissioner and (2) Dr. Crall also opined that Plaintiff could perform simple and some complex tasks, an opinion which was shared by State Agency psychologists, whom the ALJ afforded great weight. (ECF No. 17:13-14). Neither of these arguments are persuasive.

First, even on issues reserved to the Commissioner, the ALJ "was still required to provide an evaluation of the opinions and explain his reasons for either rejecting or accepting them." *Mayberry v. Astrue*, 461 F. App'x 705, 708 (10th Cir. 2012). Second, Dr. Crall's opinion regarding Plaintiff's ability to perform simple and some complex tasks, was independent from her opinion that Plaintiff's ability to maintain competitive employment was impaired due to his depression, mood instability, posttraumatic stress, and physical difficulties. *See* TR. 659. And the ALJ did not state that he was rejecting Dr. Crall's opinion

in favor of the opinions from State Agency psychologists. For this Court to supply such rationale would be an improper *post hoc* justification. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

In sum, the ALJ failed to provide a specific, legitimate reason for discounting Dr. Crall's opinion. Without any explanation as to how Plaintiff's living situation would relate to his ability to adapt to competitive employment, the Court cannot follow the ALJ's reasoning for rejecting the same. As a result, remand is warranted.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on July 29, 2020.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE